UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL BERGERON,

Plaintiff,

v. Case No: 8:15-cv-2041-T-27AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A. Procedural Background**

Plaintiff filed an application for SSI (Tr. 132–37). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 93–99; 108–112). Plaintiff then requested an administrative hearing (Tr. 113–15). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 40–68). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 18–39). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–3). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1980, claimed disability beginning December 1, 2011 (Tr. 132). Plaintiff has a tenth-grade education (Tr. 150). Plaintiff's past relevant work experience included work as a fabricator, plumber/sewer pipe cleaner, handyman, cashier, retail store clerk, heavy equipment operator, and construction worker (Tr. 33, 60, 165). Plaintiff alleged disability due to open heart surgery, lesions on the brain, and blood clot in right lung (Tr. 69, 149).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 13, 2012, the application date (Tr. 21, 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: aortic aneurysm status post December 2011 dissection repair surgery, diffuse brain lesions, and obesity (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> lift/carry about 20 pounds occasionally and 10 pounds frequently; six (sic) about six of eight hours; and stand/walk about six of eight hours. He should never climb ladders, ropes, or scaffolds. He can frequently climb ramp/stairs, balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to vibration and work hazards, such as dangerous moving machinery and unprotected heights.

(Tr. 25). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely credible (Tr. 29).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 32–33). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a mail room sorter, cleaner, assembler of plastic hospital products, order clerk, document preparer, final assembler, and retail store clerk. (Tr. 33–34). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 34).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed Regulations currently in effect. These Regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1;

and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

Plaintiff argues here that the ALJ erred by failing to: consider all of claimant's impairments, give proper weight to treating physicians and a nurse, correctly evaluate the residual functional capacity, provide accurate hypotheticals to the VE, and apply the Eleventh Circuit pain standard. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

**A. The ALJ properly considered all of claimant's impairments**

Plaintiff alleges that the ALJ either omitted several impairments or failed to properly designate the severity of his impairments. The undersigned finds that the ALJ satisfied the legal requirements of the analysis at this stage and appropriately proceeded beyond in the sequential analysis.

A claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 416.920(a)(4)(ii), 416.921. A claimant need show only that his or her impairment is not so slight and its effect is not so minimal that it would clearly not be expected to interfere with his or her ability to work. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984) *(per curiam)*. "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, an impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1521(a),

416.921(a); *Turner v. Comm'r of Soc. Sec.*, 182 Fed. App'x 946, 948 (11th Cir. 2006) (*per curiam*).

Notably, however, the finding of any severe impairment, whether or not it results from a single severe impairment or a combination or impairments that together qualify as severe, is enough to satisfy step two. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see Packer v. Comm'r, Soc. Sec. Admin.*, 542 Fed. App'x 890, 892 (11th Cir. 2013) (*per curiam*) ("[T]he ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied); see *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x 823, 824-25 (11th Cir. 2010) (*per curiam*) (noting that an ALJ's failure to identify an impairment as severe, where the ALJ found that the plaintiff suffered from at least one severe impairment, constituted harmless error and was, in fact, sufficient to meet the requirements of step two, and additionally noting that nothing requires the ALJ to identify, at step two, all of the impairments that could be considered severe).

Here, the ALJ determined that Plaintiff had the following severe impairments: aortic aneurysm status post December 2011 dissection repair surgery, diffuse brain lesions, and obesity (Tr. 23). Plaintiff concurs that the ALJ satisfied step two of the analysis with these findings, but contends that the disability determination that occurs in the next two steps was improper because there were additional severe impairments not found by the ALJ. Specifically, Plaintiff argues that there was no mention of his continuous chest pains, depression and anxiety. However, because the ALJ determined that Plaintiff suffered from multiple severe impairments at step two, and thus proceeded beyond step two in the sequential analysis, any error in failing to find that Plaintiff suffered from other severe impairments is rendered harmless. *Gray v. Comm'r of Soc. Sec.*, 550 Fed. App'x 850, 853-54 (11th Cir. 2013) (per curiam); *Packer*, 542 Fed. App'x at 892; *Heatly*, 382 Fed. App'x at 824-25; *see also Tuggerson-Brown v. Comm'r of*

*Soc. Sec.*, 572 F. App'x 949, 951–52 (11th Cir. 2014). Further, the undersigned finds that the ALJ did not err because the ALJ appropriately addressed the issues surrounding Plaintiff's chest pains, depression, and anxiety in the discussion about the RFC. *See infra* Part III(C).

**B. The ALJ gave proper weight to treating physicians and nurse**

Plaintiff contends that the ALJ failed to provide good cause for giving less than substantial weight to the two treating physicians and improperly weighed the medical opinion of the treating nurse. The Plaintiff's arguments fail for several reasons.

First, the opinions of Drs. David Mokotoff and Andrew Villamagna, who were treating physicians, were given little weight after the ALJ found their opinions to be inconsistent with the evidence of record. When assessing medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions, and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security Regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004)

(*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Further, statements by a medical source that a claimant is "disabled" or "unable to work" constitute opinions on issues reserved to the Commissioner and do not direct that a finding of disabled is warranted. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). The Commissioner need not afford any special significance to the source of such an opinion because the determination of disability and ability to work remain issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

Here, the ALJ pointed to many instances in which the evidence in the record failed to support the opinions of Drs. Mokotoff and Villamagna (Tr. 31–32). For example, Dr. Mokotoff opined that Plaintiff was not employable because an echocardiogram and CT scan were abnormal (Tr. 642), but he noted that the stress test was normal, severe chest pains were fleeting, there was no evidence of coronary artery disease, and Plaintiff continued to smoke (Tr. 644). Diagnostic tests also indicated that Plaintiff's heart size was normal and his condition was stable, with no evidence of pulmonary arterial filing defect, no evidence of intrathoracic disease, and normal pulmonary vascularity (Tr. 606–10). Dr. Villamagna—who treated Plaintiff for mitral valve disorder, multiple brain lesions causing cognitive deficit, seizures, and chest pain—also opined that Plaintiff should be considered totally and permanently disabled (Tr. 657). Yet, other examinations noted dull mentation but no focal sensory or motor deficits and only detox seizures (Tr. 646, 308–10). Although Plaintiff had an abnormal MRI with clinical symptoms of confusion, a subsequent MRI a week later showed an improvement in his brain lesions, which

was consistent with his improved symptoms; Plaintiff also was given no restrictions upon his release from the hospital (Tr. 490, 481–82). Because of the inconsistencies between the doctors' opinions and the medical record of evidence, the ALJ had good cause to give the doctors less than substantial weight. Moreover, the physicians' opinions about the Plaintiff's ability to work was entitled to no special significance because such a determination is reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

Second, the ALJ properly noted that Sally Follett, a nurse practitioner, is not an acceptable medical source. 20 C.F.R. §§ 404.1513(a), 416.913(a). The Regulations identify nurse-practitioners as "other sources" whose evidence may be used to show the severity of impairments and how it affects a claimant's ability to work but whose evidence cannot establish an impairment. *See* 20 C.F.R. §§ 404.1513(a) & (d), 416.913(a) & (d); *Crawford*, 363 F.3d at 1160. Thus, Ms. Follett's opinion is not entitled to any special consideration or significance. However, the ALJ properly considered Ms. Follett's opinion and properly discounted it because (a) she is not considered an acceptable medical source, and (b) her notes did not indicate the impairment had lasted or will last for at least twelve months continuously. *See* 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii).

**C. The ALJ properly evaluated the RFC**

Plaintiff alleges, generally, that the ALJ neglected to find chest pains, depression, and anxiety as impairments and, thusly, failed to properly evaluate the RFC. He also alleges that the ALJ improperly evaluated the severity of the obesity impairment. However, these arguments are to no avail.

"Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work

schedule." Further, "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). According to the ruling, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at *5. Therefore, in denying disability benefits, the evidence must show that the claimant can perform work on a regular and continuing basis.

At this stage of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison*, 814 F.2d at 588 (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). However, it is Plaintiff's burden to prove that an impairment is severe and that his impairments caused additional limitations on his ability to work. *See Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a) & (c).

Here, the undersigned finds no deficiency in the RFC assessment for several reasons. First, the ALJ considered all of the limitations imposed by claimant's impairments—including severe and non-severe impairments, such as chest pain, depression, anxiety, hypertension, hyperlipidemia, vision problems, and mental impairments (Tr. 23– 28). Although the ALJ did

not specifically use the term "SSR 96-8p" in her RFC analysis—an omission that Plaintiff argues equates to a failure of the analysis—there is no legal requirement to do so.

Second, there is substantial evidence that the ALJ's evaluation was conducted in accordance with SSR 96-8p by considering objective medical evidence, other evidence, and opinion evidence to determine Plaintiff's abilities to work on a continuous and regular basis (Tr. 23–34).

Third, the Plaintiff failed to meet his burden to demonstrate that the chest pains, depression, and anxiety were severe impairments and that they caused additional limitations on his ability to work. Although Plaintiff made repeated complaints of chest pains, the objective medical records show, in general, no repeated significant findings and no work restrictions (Tr. 26–29). Plaintiff was diagnosed with depression and anxiety, yet he was treated with medication and subsequent mental examinations showed few changes (Tr. 28; 30). For example, Plaintiff was treated by a psychiatrist, who noted that Plaintiff's speech was normal and mood was anxious in the first follow-up appointment (Tr. 689); he exhibited appropriate behavior, his affect was restricted, his mood was euthymic, his speech was normal, and he was cooperative in the next visit (Tr. 688); and his affect was restricted, he was withdrawn and depressed, his speech was normal, his thought content was appropriate, and he was cooperative in the subsequent follow-up (Tr. 687). Plaintiff was placed on the least effective dose of medication (Tr. 687–689). In addition, the medical evidence does not support Plaintiff's allegations about the impact of the diagnoses on his ability to work at all. The severity of a medically ascertained impairment is not measured in terms of deviation from purely medical standards of bodily perfection or normality but rather in terms of its effect upon ability to work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The diagnoses themselves are insufficient to establish limitations. See *Wind v. Barnhart*, 133 F.

App'x 684, 690 (11th Cir. 2005) (quoting *McCruter* 791 F.2d at 1547)). Moreover, nothing in the record indicates that the effects of depression and anxiety would interfere with his ability to work. Further, the Plaintiff's activities—including his ability to walk two miles daily and stand—indicate that his condition has no adverse impact on his ability to perform basic work activities (Tr. 49–51). Plaintiff disagrees with the decision, but offers no evidence that the analysis was flawed or that there are limitations beyond those noted by the ALJ.

To the extent Plaintiff argues that the ALJ failed to consider the effect of Plaintiff's obesity upon his ability to perform work, this argument must fail. First, the ALJ specifically indicated that, pursuant to SSR 02-1p, she considered "that obesity can cause limitation of function on any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling" (Tr. 25). SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002). In evaluating the severity of impairments, the Commissioner "***may*** find that the combination of a pulmonary or cardiovascular impairment and obesity has signs, symptoms, and laboratory findings that are of equal medical significance to one of the respiratory or cardiovascular listings." SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002) (emphasis added). Second, the Plaintiff offered no evidence that obesity caused limitations beyond those found by the ALJ. *See Gurganus v. Colvin*, 2013 WL 5354156, at *6-7 (N.D. Ala. Sept. 24, 2013) (plaintiff cited SSR 02-1p but failed to demonstrate that she was further restricted by her obesity beyond those found by ALJ); *Lewis v. Comm'r of Soc. Sec.*, 487 F. App'x 481, 483 (11th Cir. 2012) (holding ALJ complied with SSR 02-1p where ALJ considered evidence of claimant's obesity and found obesity was a severe impairment and claimant could perform light work). It is Plaintiff's burden to prove that his impairments caused additional limitations on his ability to work. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a) & (c). Here, the Plaintiff failed to meet that burden.

**D. The hypotheticals considered by the VE were proper**

It is well settled that the ALJ must pose an accurate hypothetical to the VE that takes into account all of the claimant's impairments, if the VE's testimony is to be considered as substantial evidence. *Jones v. Comm'r of Soc. Sec.*, 423 Fed. Appx. 936, 938 (11th Cir. 2011) (per curiam); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). Notably, the ALJ's hypothetical posed to a VE must comprehensively describe the claimant's limitations. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) (per curiam). However, when the ALJ properly rejects purported impairments or limitations, the ALJ need not include those findings in the hypothetical posed to the VE. *Crawford*, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

Here, Plaintiff asserts that impairments relating to slurred speech, chest pain, problems with concentration, and cognitive deficits were improperly omitted from the hypothetical. However, The ALJ evaluated all symptoms and opinion evidence to determine whether they were consistent with objective medical evidence and other evidence (Tr. 25). After considering the evidence, the ALJ found that Plaintiff's allegations were less than fully credible and, as a result, rejected them (Tr. 25–32; 34). *See Crawford*, 363 F.3d at 1161. Consequently, the ALJ was not required to include them if they were properly rejected as unsupported. In relying on the testimony from the VE, the ALJ properly included all of the Plaintiff's impairments and further limitations described in the RFC in the hypothetical posed to the VE (Tr. 33–34; 60–62). Thus, the ALJ's decision was supported by substantial evidence, and the VE's testimony was based on valid hypotheticals.

**E. The proper Eleventh Circuit Pain Standard was utilized**

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the Court of Appeals explained in *Wilson*, "to establish a disability based on testimony of pain and other symptoms," the claimant must show "evidence of an underlying medical condition; and . . . either (a) objective medical evidence confirming the severity of the alleged pain [or symptoms]; or (b) that the objectively determined medical condition can be reasonably expected to give rise to the claimed pain [or symptoms]." 284 F.3d 1219, 1225 (11th Cir. 2002); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*) (holding that the pain standard also applies to complaints of subjective conditions other than pain); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (*per curiam*) (concluding the legislative intent required the Court to apply the pain standard); 20 C.F.R. §§ 404.1529(a), 416.929(a) ("[T]here must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence . . . would lead to a conclusion that you are disabled.").

If the ALJ discounts Plaintiff's testimony concerning subjective complaints after finding a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms, the ALJ must "articulate explicit and adequate reasons" for doing so. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)). The reasons given for discrediting pain testimony must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam); *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). In evaluating credibility, the ALJ must consider objective medical evidence and other evidence such as a claimant's daily activities, the location, duration, frequency, and intensity

of a claimant's pain or other symptoms, and precipitating and aggravating factors. 20 C.F.R. §§ 404.1529(c), 416.929(c).

Here, Plaintiff objects to the ALJ's adverse credibility determination. Specifically, Plaintiff argues that the ALJ (a) used the improper standard to analyze disability (b) substituted her opinion for that of treating doctors and mischaracterized what the doctors said, and (c) improperly analyzed Plaintiff's daily activities. However, Plaintiff's arguments are without merit.

First, the ALJ provided explicit and numerous reasons, based on substantial evidence, for discrediting Plaintiff's testimony that his pain and other alleged restrictions would preclude all work (Tr. 29–32). For example, in examining the intensity, persistence, and limiting effects of pain and their impact on the claimant's ability to work, the ALJ found no corroborating evidence for Plaintiff's claims that he must lie down up to 50% to 75% of the day and is limited in his sitting, standing, and walking (Tr. 30; 222).

Second, the Plaintiff asserts that the ALJ allegedly substituted her own opinion for the physicians' opinion and points to specific paragraphs in the ALJ's decision. However, the ALJ specifically considered the notes of Dr. Munir Rizkallah, Dr. Mokotoff, Dr. Loc Kim Le, and Dr. Andrew Villamagna in the paragraphs that Plaintiff cites (Tr. 30–31). In considering Plaintiff's claims of physical restrictions and pain, the ALJ reviewed the medical records and concluded that they did not corroborate Plaintiff's claims. Thus, the ALJ did not act as a doctor but simply performed her duty of considering all of the evidence in assessing Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1513(b), 404.1527, 404.1545, 404.1546(c), 416.913(b), 416.927, 416.945, 416.946(c). Therefore, Plaintiff's contention that the ALJ substituted her opinion for that of a physician's opinion is meritless. The ALJ simply performed her duty of weighing all

of the evidence of record. *See* 20 C.F.R. §§ 404.1520b, 404.1527, 404.1545, 416.920b, 416.927, 416.945.

Lastly, as Plaintiff notes, participation in everyday activities of short duration, such as housework, will not necessarily disqualify a claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (stating "[n]or do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability or is inconsistent with the limitations recommended by [the claimant's] treating physicians."). Notwithstanding, an ALJ is not precluded from considering a claimant's daily activities at all in determining credibility. *Hoffman v. Astrue*, 259 Fed. App'x 213, 219 (11th Cir. 2007) (*per curiam*). Here, the ALJ considered the Plaintiff's daily activities, along with other appropriate evidence, to discredit Plaintiff's subjective complaints of physical restrictions and pain (Tr. 30). Based on the record, Plaintiff could walk up to two miles per day, had a normal gait and stance, could perform a full squat, had full muscle strength and full range of motion in his extremities, and required no assistance walking (Tr. 30). Thus, Plaintiff's claims were not corroborated by objective findings. Moreover, the record reveals no reversible error in the ALJ's finding. Thus, the substantial evidence cited by the ALJ supports the adverse credibility determination.

**IV.**

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be affirmed.

2. The Clerk be directed to enter final judgment in favor of the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 26th day of January, 2017.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc:   Hon. James D. Whittemore
      Counsel of Record