UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL BERGERON,**

 **Plaintiff,**

v.                 Case No: 8:15-cv-2041-T-27AEP

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

 **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 21), recommending that the decision of the Commissioner denying Plaintiff's claim for Supplemental Security Income be affirmed. Plaintiff objected (Dkt. 22), to which the Commissioner responded (Dkt. 24). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

After a *de novo* review of the findings to which objections are made, and a review of the findings to which objection is not made for plain error, I agree with the Magistrate Judge that the ALJ applied the correct legal standards and the decision was supported by substantial evidence. Accordingly, the objections are overruled, the Report and Recommendation is adopted, and the Commissioner's decision is affirmed.

### PLAINTIFF'S OBJECTIONS

Plaintiff objects to the R&R on the same grounds he initially raised when challenging the

1

ALJ's decision. He contends that (1) the ALJ improperly considered all of his impairments; (2) the ALJ gave improper weight to the opinions of the treating physicians and nurse; (3) the ALJ improperly evaluated his residual functional capacity ("RFC"); (4) the hypothetical considered by the vocational expert was incomplete; and (5) the Eleventh Circuit pain standard was not properly utilized.

## STANDARD

The decision of the ALJ is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997), and if the "ALJ's conclusion as a whole was supported by substantial evidence in the record." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Id.* Legal conclusions, however, are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## DISCUSSION

A five-step, sequential evaluation process is followed to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178. Steps one through three are whether the claimant (1) is currently engaged in substantial gainful activity; (2) has a severe impairment or combination of impairments; and (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* Step four is whether, based on a RFC assessment, the claimant can perform any of his past relevant work despite the limitations caused by his impairments.

*Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). At this step, the ALJ considers all of the record evidence in determining the claimant's RFC. *See id.* The final step is whether there are significant numbers of jobs in the national economy the claimant can perform, given his RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178.

1. **THE ALJ CORRECTLY CONSIDERED PLAINTIFF'S IMPAIRMENTS IN STEP TWO**

In his first objection, Plaintiff contends that the ALJ improperly considered all of his impairments in the five-step, sequential evaluation by not considering his chest pain, depression, and anxiety as severe.

The requirements of step two are satisfied, if any severe impairment is found. *McCormick v. Soc. Sec. Admin., Com'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (*per curiam*) (citing *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.1987)). When a case advances beyond step two, all impairments, severe or not, must be considered at step three and in assessing the RFC. *See Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013) (*per curiam*).

First, Plaintiff contends that the magistrate judge misinterpreted the case law and regulation in considering his impairments by objecting to the following statement: "[a]n impairment or combination of impairments is not considered to be severe where it does not significantly limit the Claimant's physical or mental ability to perform basic work activity." (Dkt. 22 at 2). This contention is rejected as the regulation and case law were properly cited and interpreted. *See* 20 C.F.R. § 404.1521(a)("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."); *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (*per curiam*) (same).

Next, he contends that some impairments were not considered severe because improper weight was given to his treating physicians in subsequent steps (the subject of his second objection)

3

and this led to the denial of benefits. But, the ALJ found a severe impairment at step two, and properly proceeded to step three. (Tr. 23-24). Even if the ALJ erred by not finding Plaintiff's chest pain, depression, and anxiety as severe in step two, the error is harmless because the sequential evaluation proceeded. *See Gray*, 550 F. App'x at 853. And elsewhere in the five-step sequential process the ALJ considered Plaintiff's chest pain, depression, and anxiety. (Tr. 27-28, 30). Accordingly, Plaintiff's objection is overruled.

## 2. THE ALJ GAVE PROPER WEIGHT TO TREATING PHYSICIANS AND NURSE PRACTITIONER

Plaintiff's second objection is that the ALJ gave improper weight to the opinions of Dr. Mokotoff, Dr. Villamagna, and Sally Follett, ARNP by discounting them.

The opinions of treating physicians "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citations omitted). "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). In fact, when evidence supports a contrary conclusion, the opinion may be rejected. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). With good cause, therefore, a treating physician's opinion may be rejected, but the reasons for doing so must be clearly articulated. *Lewis*, 125 F.3d at 1240-41.

The ALJ correctly articulated good cause for rejecting the opinions of Drs. Villamagna and Mokotoff. In June 2013, Dr. Villamagna opined that Plaintiff should be considered "totally and permanently disabled" based on mitral valve disorder, brain lesions causing cognitive deficits, seizures, and chest pain. (Tr. 657). However, the brain MRI revealed improvement of the lesions

which correlated with his improving clinical symptoms. (Tr. 563). Subsequent evaluations noted dull mentation and no lateralizing focal sensory or motor deficits. (Tr. 646). And, mental status examinations generally revealed logical thought processes, intact memory, and appropriate thought content (Tr. 687-694). His seizures were related to detox when he was withdrawing from substance abuse. (Tr. 309). Regarding his chest pain, diagnostic testing generally revealed a stable condition. (Tr. 606-612).

In October 2013, Dr. Motokoff opined that plaintiff could no longer be employed and "should be considered for medical disability." (Tr. 642). However, the evidence in the record failed to support this opinion. Dr. Motokoff recognized that the stress test was normal, the severe chest pains were fleeting, did not order any further workup, and did not see any evidence of coronary heart disease. (Tr. 644).

As correctly recognized, Sally Follett, ARNP is not an acceptable medical source to establish whether Plaintiff has a medically determinable impairment. 20 C.F.R. § 404.1513; *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004). Rather, a nurse-practitioner is considered an "other source," whose evaluation may be used to show the severity of the impairment and how it may effect a claimant's ability to work. 20 C.F.R. § 404.1513(d), 416.913(d). Plaintiff's contention that her opinion was not properly analyzed and refuted is without merit. Although she noted he was "unfit for work" during his incarceration, subsequent physical examinations did not indicate any significant findings and her assessment was durational pending further monitoring.[1] (Tr. 80). The ALJ therefore properly considered and discounted her opinion as an "other source," and because the impairment did not meet the durational requirement. 20 C.F.R. §§ 404.1513, 416.909;

---

[1] Plaintiff was released shortly after Ms. Follett's assessment.

*Crawford*, 363 F.3d at 1160.

In sum, there was good cause for discounting the treating physicians' opinions. The ALJ clearly articulated legitimate reasons for doing so and articulated the weight given to those opinions. The ARNP's opinion was properly analyzed and discounted. Accordingly, Plaintiff's objection is overruled.

### 3.   THE ALJ PROPERLY EVALUATED THE RFC

An RFC is ordinarily an assessment of the claimant's ability to do "sustained work-related physical and mental activities" on a regular and continuing basis in a work setting. SSR 96-8P, 1996 WL 374184 at *1 (S.S.A. July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* It "is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.* And, all of a claimant's impairments are considered in this assessment. *Jamison*, 814 F.2d at 588. A diagnosis of an impairment alone is insufficient to establish disability, but rather it is the effect of the impairment on the claimant's ability to work. *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986)).

The ALJ properly evaluated Plaintiff's RFC. Plaintiff's contention that the standard was not properly stated is without merit. (*See* Tr. 22). The ALJ considered all of Plaintiff's impairments, severe and not severe, such as anxiety, depression, hypertension, chest pain, mental impairments, and obesity, (Tr. 23-28), conducted an appropriate analysis by considering the record evidence, including the objective evidence, the opinion evidence, the evidence submitted after the hearing, and the subjective evidence (Tr. 23-34), and found that Plaintiff failed to meet his burden of proving that he is unable to perform work on a regular and continuing basis. Specifically, his anxiety and depression were treated and he was placed on the least effective dose of medication. (Tr. 687-689).

And, his complaints of chest pains were fleeting, showed no work restrictions, and no repeated significant findings. (Tr. 26-29). Accordingly, the evidence does not support Plaintiff's contentions about the impact of his diagnoses on his ability to work.

As correctly recognized, Plaintiff's argument regarding his obesity is without merit. Obesity was expressly considered.[2] In evaluating the severity of impairments, the Commissioner may, but is not required, "find that the combination of a pulmonary or cardiovascular impairment and obesity has signs, symptoms, and laboratory findings that are of equal medical significance to one of the respiratory or cardiovascular listings." SSR 02-1P, 2002 WL 34686281 at *5 (S.S.A. Sept. 12, 2002). As the ALJ articulated, his physical restrictions and pain are not corroborated to the extent of precluding all work. (Tr. 30). And, Plaintiff has failed to demonstrate that he is restricted by his obesity beyond that found by the ALJ. *See Lewis v. Comm'r of Soc. Sec.*, 487 F. App'x 481, 483 (11th Cir. 2012); *Gurganus v. Colvin*, No. 6:11-CV-4262-SLB, 2013 WL 5354156, at *6-7 (N.D. Ala. Sept. 24, 2013). The RFC was correctly evaluated. Plaintiff's objection is therefore overruled.

### 4. THE HYPOTHETICAL WAS COMPLETE

Plaintiff contends that the hypothetical posed to the vocational expert ("VE") was incomplete because the ALJ did not comprehensively describe "that there was a problem with [his] heart and also with his brain." (Dkt. 28 at 10). "In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). But, the ALJ is not required to include unsupported allegations in a hypothetical question to the VE. *Id.* at 1227-28;

---

[2] "In consideration of the overall record, including the claimant's obesity, the residual functional capacity assessment includes that the claimant can perform a range of light work." (Tr. 31). "The claimant weighed 224 pounds with a body mass index of 30. (BMI over 30 is obese). Pursuant to SSR 02-01, the undersigned took into account that obesity can cause limitation of function in any of the exertional functions such a sitting, standing, walking, lifting, carrying, pushing, and pulling." (Tr. 25).

7

*Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986).

Plaintiff does not identify what specific limitations or impairments should have been included in the hypothetical. His medical records generally show that he had normal speech, logical thought processes, intact memory, and appropriate thought content (Tr. 687-694). As noted, regarding his heart issues, his stress test was normal, the severe chest pains were fleeting, there was no evidence of coronary heart disease, and no further workup was ordered. (Tr. 644). And, the ALJ evaluated all of his symptoms and opinion evidence related to slurred speech, chest pain, problems with concentration, and cognitive deficits, found the allegations were less than completely credible, and rejected them. (Tr. 25-32; 34). The ALJ therefore posed a complete hypothetical to the VE (Tr. 34). This objection is overruled.

### 5. THE ALJ CORRECTLY APLLIED THE ELEVENTH CIRCUIT PAIN STANDARD

Plaintiff's final objection is that the ALJ failed to utilize the proper pain standard. Essentially, Plaintiff contends that if "proper weight" is given to his treating physicians, his testimony is credible and disability is established. (Dkt. 22 at 11).

To establish disability based on pain and other symptoms, the claimant must show "evidence of an underlying medical condition; and . . . either (a) objective medical evidence confirming the severity of the alleged pain [or symptoms]; or (b) that the objectively determined medical condition can be reasonably expected to give rise to the claimed pain [or symptoms]." *Wilson*, 284 F.3d at 1225. And if the claimant's subjective complaints are discounted after finding a medically determinable impairment that could be reasonably expected to give rise to the pain or symptoms, the reasons for doing so must be adequate and explicitly articulated. *Dyer v. Barnhard*, 395 F.3d 1206, 1210 (11th Cir. 2005).

As noted, the treating physicians' opinions were properly discounted based on the record

evidence and the ALJ stated with particularity the weight afforded those opinions and the reasons. Similarly, the ALJ explicitly articulated numerous reasons for discounting Plaintiff's testimony regarding his alleged physical restrictions, pain, depression, and anxiety. (Tr. 29-31). As an example, the ALJ found:

> The claimant testified that he walks up to two miles per day, but has to lie down afterwards. However, there is no evidence to which corroborates with the claimant's alleged requirements to lie down.... Physical examination revealed normal gait and stance.... he testified that he could not lift a gallon of milk, the record indicates "no restriction". He had full muscle strength in all extremities. His alleged left hand swelling, leg crams, bruises, and use of a "water pill" is not corroborated; physical examinations generally revealed no edema.... The claimant's allegations regarding depression and anxiety are also not corroborated.... Though the claimant alleged problems with confusion, concentration, anxiety.... He had normal though process, normal concentration, normal attention, and intact memory....

(Tr. 30) (record cites omitted). In short, substantial evidence supports discrediting his testimony. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The pain standard was therefore properly utilized. This objection is overruled. *See Dyer*, 395 F.3d at 1210; *Marbury*, 957 F.2d at 839.

## CONCLUSION

Plaintiff's Objections are **OVERRULED**. The Report and Recommendation (Dkt. 21) is **APPROVED** and **ADOPTED** for all purposes, including appellate review. The decision of the Commission is **AFFIRMED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant pursuant to 42 U.S.C. § 405(g), and to **CLOSE** the file.

**DONE AND ORDERED** this 9th day of March, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record